IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **ATLANTIC PHARMACEUTICALS AG**, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. **3:13-CV-4677-L** |
| | § | |
| **MICHAEL BRIGGS AND** | § | |
| **HARI DEVINENI**, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the court is the Motion for Entry of Default Judgment (Doc. 12), filed by Plaintiff Atlantic Pharmaceuticals AG ("Plaintiff") on March 31, 2014, with respect to Defendant Michael Briggs ("Briggs"); and the Motion to Reinstate Case on Docket [as to Defendant BDM Medical Inc.] (Doc. 23), filed May 1, 2014, which was referred to the magistrate judge by order dated May 23, 2014. After considering the motions, evidence submitted in support of the motions, pleadings, record, and applicable law, the court **denies** the Motion for Entry of Default Judgment (Doc. 12); and *sua sponte* **moves** for dismissal, pursuant to Federal Rule of Civil Procedure 12(b)(6), of this action against Defendants Hari Devineni ("Devineni") and Briggs. In addition, the court **vacates** the order of reference (Doc. 24) with respect to the Motion to Reinstate Case on Docket and **denies** the Motion to Reinstate Case on Docket (Doc. 23).

**I.    Factual and Procedural Background**

Plaintiff originally brought this action against BDM Medical Inc. ("BDM"), Devineni, and Briggs (collectively, "Defendants") on November 25, 2013, alleging claims for breach of contract, breach of fiduciary duty, unjust enrichment, and conversion. All of Plaintiff's claims stem from BDM's alleged failure to pay $171,272.56 for pharmaceutical supplies delivered to BDM and

invoiced by Plaintiff in 2011. According to Plaintiff's Complaint, Briggs is the chief executive officer of BDM, and Devineni is the president of BDM. Briggs and Devineni are both proceeding *pro se* in this case.

The docket reflects that a summons was returned as executed on December 10, 2013, as to Briggs. On March 17, 2014, Plaintiff requested the clerk of the court to enter default as to Briggs, which was entered by the clerk on March 20, 2014. On March 31, 2014, Plaintiff moved the court to enter default judgment against Briggs. On April 24, 2014, Briggs filed his Answer without acknowledging Plaintiff's motion for default judgment or the clerk's entry of default against him, or seeking leave for additional time to file his Answer or otherwise respond to Plaintiff's Complaint. On May 29, 2014, the court entered an order, indicating that it would give Briggs an opportunity to file a motion to set aside the clerk's entry of default against him before ruling on Plaintiff's motion for default judgment. No such motion, however, was ever filed by Briggs.

On April 23, 2014, the court dismissed without prejudice Plaintiff's claims against BDM, pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, for failure to effect service or show good cause for the failure to effect service as ordered by the court. On May 1, 2014, Plaintiff moved to reinstate its claims against BDM. According to Plaintiff's Motion to Reinstate Case on Docket, Plaintiff attempted to serve Devineni rather than BDM because BDM "has been terminated." Pl.'s Mot. to Reinstate 2. From this, it appears that BDM went out of business at some point in time. All of the factual allegations in Plaintiff's Complaint, however, pertain to BDM, which was dismissed from the action on April 23, 2014. According to the Complaint: BDM entered and breached the contract with Plaintiff for pharmaceutical goods; BDM engaged in conduct that Plaintiff contends amounts to a breach of fiduciary duty and resulted in unjust enrichment; and BDM is liable for

conversion because it is in possession of property and currency belonging to Plaintiff. Pl.'s Compl. ¶¶ 13-28.

## II.  Motion for Default Judgment

A party is entitled to entry of a default by the clerk of the court if the opposing party fails to plead or otherwise defend as required by law. Fed. R. Civ. P. 55(a). Under Rule 55(a), a default must be entered before the court may enter a default judgment. *Id.*; *New York Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996). As noted above, the clerk of the court has entered default against Briggs, and Plaintiff now requests the court to enter a final default judgment against Briggs.

Briggs, by failing to timely answer or otherwise respond to Plaintiff's Complaint, has admitted the well-pleaded allegations of the Complaint and is precluded from contesting the established facts on appeal. *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975) (citations omitted). Even considering and accepting the factual allegations in Plaintiff's Complaint as true, and taking into account the affidavits and invoices submitted by Plaintiff in support of its motion for default judgment, however, the court concludes that Plaintiff has not stated any viable claims against Briggs. As herein discussed, Plaintiff's claims with respect to Briggs are not supported by any factual allegations, are based on unviable legal theories, or both.

### A.  Conversion

Under Texas law, the elements of conversion law are: "(1) [the plaintiff] legally possessed the property or was entitled to it; (2) the defendant wrongfully exercised dominion and control over the property, excluding the plaintiff; (3) the plaintiff demanded the property's return; and (4) the defendant refused." *United States v. Boardwalk Motor Sports, Ltd.*, 692 F.3d 378, 392 (5th Cir. 2012), *cert. denied*, *PlainsCapital Corp. v. United States*, 133 S. Ct. 2854 (2013) (quoting *Arthur W. Tifford, PA v. Tandem Energy Corp.*, 562 F.3d 699, 705 (5th Cir. 2009)).

Plaintiff alleges in its Complaint that BDM has refused, despite repeated demands by Plaintiff, to return the pharmaceuticals delivered to BDM, but it does not allege and there is no evidence to indicate that it demanded Briggs to return the pharmaceuticals delivered to BDM or that Briggs refused to return the goods delivered. Additionally, Plaintiff does not allege any facts regarding an agency theory under which Briggs could be held liable for BDM's refusal to return the pharmaceuticals goods that Plaintiff delivered to BDM. Plaintiff's pleadings are devoid of any factual allegations as to Briggs; instead, with respect to each of its claims, Plaintiff alleges that Defendant BDM's conduct caused its alleged damages and is the responsible party.

Likewise, according to the affidavit of James Quinn ("Quinn"), the managing director of Plaintiff, Plaintiff's claims are against BDM, not Briggs. In his affidavit, Quinn states, based on his review of various invoices and accounting statements provided to "BDM Medical," that "BMD Medical Inc. failed to pay amounts due under the Note" totaling $171,272.56 for principal, $25,690 for interest at 5% per annum, and $40,000 in legal fees.[*] Quinn Aff. 1. Further, the invoices submitted by Plaintiff in support of its motion are addressed to BDM, not Briggs.

Plaintiff also submitted an affidavit by John Arthur ("Arthur"), Plaintiff's attorney. Arthur states in his affidavit that Plaintiff's claim is for a sum of $171,272.56 for pharmaceutical products supplied by Plaintiff to "Defendant." Arthur Aff. ¶¶ 7-8. A party's attorney may not act as a witness in a case except in limited circumstances, none of which is present here. Moreover, the court questions whether Arthur's statement that he is "familiar with the file, records and pleadings in this matter" is sufficient to show that his statements regarding amounts invoiced and owed are based on his personal knowledge. Arthur's statement is also deficient because it simply indicates that

---

[*] Quinn's reference to BMD appears to be a typographical error.

**Memorandum Opinion and Order - Page 4**

products were supplied to "Defendant" without specifying whether the products were supplied to Briggs, the Defendant against whom Plaintiff seeks a default judgment.

Plaintiff's conversion claim also fails for another reason. When a defendant's conduct would give rise to liability only because it breaches the parties' agreement, the plaintiff's claim ordinarily sounds only in contract. *Southwestern Bell Tel. Co. v. DeLanney*, 809 S.W.2d 493, 495-96 (Tex. 1991). In *DeLanney*, the court explained:

> The acts of a party may breach duties in tort or contract alone or simultaneously in both. The nature of the injury most often determines which duty or duties are breached. When the injury is only the economic loss to the subject of a contract itself the action sounds in contract alone.

*Id.* (quoting *Jim Walter Homes, Inc. v. Reed*, 711 S.W.2d 617, 618 (Tex. 1986)). When a contract spells out the parties' respective rights, it is the contract, rather than common law tort theories, that governs the dispute. *DeWitt County Elec. Co-op., Inc. v. Parks*, 1 S.W.3d 96, 105 (Tex. 1999). According to Plaintiff's Complaint, the goods at issue here were provided to BDM pursuant to a contract, and BDM's obligation to pay the amount demanded by Plaintiff for the goods arose from that contract, as reflected in the invoices to BDM. Thus, it appears, based on the facts pleaded in the Complaint, that Plaintiff's claim sounds only in contract. Default judgment against Briggs on this claim is therefore inappropriate.

   B.   **Breach of Fiduciary Duty**

Under Texas law, there is no general duty of good faith and fair dealing in ordinary, arms-length commercial transactions. *Formosa Plastics Corp. USA v. Presidio Eng'rs & Contractors, Inc.*, 960 S.W.2d 41, 52 (Tex. 1998). Neither Plaintiff's pleadings nor its evidence filed in support of the motion for default judgment against Briggs provides a factual basis for imposing a duty of good faith and fair dealing on any of the Defendants in this case, let alone Briggs. Plaintiff's pleadings and the evidence indicate that this case involved an ordinary, arms-length

transaction between two companies for the purchase of pharmaceutical products. Accordingly, default judgment against Briggs on this claim is improper.

### C. Breach of Contract

Plaintiff's breach of contract claim is based on its contention that a contract existed between it and BDM as a result of BDM's request to purchase pharmaceutical goods from Plaintiff. Plaintiff further alleges that BDM breached the parties' contract by failing to pay for the pharmaceutical goods as invoiced, and that Plaintiff suffered damages as a result of BDM's breach. Again, this claim as pleaded is clearly against BDM, not Briggs, and Plaintiff's pleadings are insufficient to hold Briggs liable for BDM's debt. Default judgment against Briggs on this claim is therefore improper.

### D. Unjust Enrichment

Under Texas law, when a valid, express contract covers the subject matter of the parties' dispute, there can be no recovery under a quasi-contract or unjust enrichment theory. *Fortune Prod. Co. v. Conoco, Inc.*, 52 S.W.3d 671, 684 (Tex. 2000). The rationale behind this rule is that parties should be bound by their express agreements and that recovery under an equitable theory is generally inconsistent with the express agreement when a valid agreement already addresses the matter. *See id.* Because Plaintiff's contract claim based on the invoices to BDM for products purchased covers the subject matter of the dispute regarding nonpayment, there can be no recovery under a quasi-contract or unjust enrichment theory. Even assuming that Plaintiff has pleaded a valid claim based on unjust enrichment, such claim as pleaded would be against BDM, not Briggs. Thus, default judgment against Briggs based on an unjust enrichment theory is improper.

### III. Sua Sponte Motion for Dismissal of Under Rule 12(b)(6)

Because Plaintiff's claims with respect to Briggs are insufficiently pleaded, legally unviable, or both, the court will deny the Motion for Entry of Default Judgment (Doc. 12) against Briggs. The

same is true of Devineni. With respect to both, the Complaint simply states that Briggs was the chief executive officer of BDM, and Devineni was the president of BDM at the time the Complaint was filed, and nothing more. Further, Plaintiff's Complaint, affidavits, and evidence all focus on BDM without a single reference to Briggs or Devineni. For these and the other reasons already explained, Plaintiff's claims against Briggs and Devineni fail to state any claims upon which relief can be granted. In addition, the court questions whether the claims against Devineni for conversion, unjust enrichment, and breach of fiduciary duty are barred under Texas law by applicable statutes of limitation. The court therefore *sua sponte* moves for dismissal of the claims against these Defendants under Federal Rule of Civil Procedure 12(b)(6).

**IV.     Motion to Reinstate Claims Against BDM**

On April 23, 2014, the court dismissed without prejudice Plaintiff's claims against BDM, pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, for failure to effect service or show good cause for the failure to effect service as ordered by the court. On May 1, 2014, Plaintiff moved to reinstate its claims against BDM, contending that good cause exists to reinstate the claims and action against BDM because Plaintiff attempted unsuccessfully to serve Devineni rather than BDM because BDM "has been terminated." Pl.'s Mot. to Reinstate 2. The court disagrees.

As Plaintiff acknowledges, the court's order of April 1, 2014, directed Plaintiff to either effect service on BDM by April 21, 2014, *or* show good cause for its failure to do so. April 21, 2014, came and went without any word from Plaintiff as to its efforts to effect service on BDM; nor did Plaintiff seek an extension of the court's deadline. Plaintiff instead waited until one week after the court dismissed without prejudice its claims against BDM before filing its motion to reinstate. As before, Plaintiff's motion to reinstate fails to explain why Plaintiff was unable to advise the court by April 21, 2014, of its efforts to effect service on BDM or seek an extension of the court's deadline

to do so. Thus, the court concludes that good cause has not been established to reinstate the claims against BDM. Moreover, for there reasons already explained, Plaintiff's claims for conversion, unjust enrichment, and breach of fiduciary duty are not legally viable. The court will therefore deny Plaintiff's Motion to Reinstate Case on Docket.

## V. Conclusion

For the reasons explained, the court **vacates** the order of reference (Doc. 24) with respect to the Motion to Reinstate Case on Docket; **denies** the Motion to Reinstate Case on Docket (Doc. 23); and **denies** the Motion for Entry of Default Judgment (Doc. 12) against Briggs. Further, for all of the reasons discussed, the court concludes that Plaintiff has failed to state any claims upon which relief can be granted against Briggs or Devineni. The court therefore **moves *sua sponte*** for dismissal of Plaintiff's claims against Briggs and Devineni pursuant to Federal Rule of Civil Procedure 12(b)(6), and directs Plaintiff to respond to the court's *sua sponte* motion for dismissal by **March 4, 2015.** *Failure to comply with this order will result in dismissal of this action against Briggs and Devineni pursuant to Federal Rule of Civil Procedure 41(b), or a dismissal with prejudice pursuant to Federal Rule of Civil Procedure 12(b)(6).*

**It is so ordered** this 11th day of February, 2015.

                                          Sam A. Lindsay
                                          United States District Judge